**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:08-CV-495-RJC-DCK**

| | |
|---|---|
| JACKIE JIMOH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTE-MECKLENBURG )<br>HOUSING PARTNERSHIP, INC., )<br>)<br>Defendant. ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Compel or Dismiss" (Document No. 20) filed by Charlotte Mecklenburg Housing Partnership, Inc. ("Defendant") on October 30, 2009. Plaintiff opposes the motion. This matter has been referred to the Magistrate Judge and is ripe for review. The undersigned will rule on the motion to compel, and thus, need not consider the alternative request for dismissal. Having fully considered the record, including the motion and response, the undersigned will **grant** the motion to compel for the following reasons:

In her Amended Complaint, Jackie Jimoh ("Plaintiff") asserts claims for race, age and gender discrimination pursuant to the ADEA and Title VII of the Civil Rights Act, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent supervision and retention, and breach of contract. (Document No. 9). Plaintiff seeks compensatory damages for emotional pain and mental anguish. (*Id.*, p. 9). Plaintiff has placed her alleged mental state and any factors causing that mental state squarely at issue in this case. However, Plaintiff has refused to sign medical information release forms and refuses to produce her medical, psychological, and/or counseling records, despite repeated discovery requests. (See Document No. 23-1, Requests No. 16, 17).

Defendant contends that it cannot adequately assess or defend against Plaintiff's claims without access to relevant records, and therefore, moves to compel discovery of those records.

The Federal Rules of Civil Procedure authorize very broad discovery. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ( observing that the discovery rules are given "a broad and liberal treatment"). Defendant may obtain discovery regarding any non-privileged matter that is relevant to the claims and defenses. Fed.R.Civ.P. 26(b)(1). Discovery is not limited to matters that will be admissible at trial so long as the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984).

Plaintiff's medical, psychological and counseling records are both relevant and discoverable. A party claiming compensatory damages for emotional distress, pain and suffering, and mental anguish puts her mental and physical condition at issue and must produce requested medical records. *See, e.g., Coffin v. Bridges*, 1995 WL 729489, *3 (4th Cir.) (affirming dismissal of complaint for injuries and mental anguish because plaintiff refused to provide mental health care records); *E.E.O.C. v. Sheffield Financial LLC*, 2007 WL 1726560, *4 (M.D.N.C.) ("when a plaintiff seeks damages for mental anguish, the medical and psychological information sought by interrogatories and requests for production are relevant"); *Teague v. Target Corp.*, 2006 WL 3690642, *2 (W.D.N.C.) (compelling discovery of medical records in employment case where plaintiff alleged intentional infliction of emotional distress); *Butler v. Burroughs Welcome, Inc.*, 920 F.Supp. 90, 91 (E.D.N.C.1996) (granting motion to compel in employment case where plaintiff resisted disclosing her medical records and refused to supply defendant with signed authorizations and release forms).

Plaintiff does not object and merely contends that she has furnished all "relevant" records.[1] However, she refuses to sign a medical authorization to Defendants. Pursuant to the Health Information Portability and Accountability Act ("HIPAA"), medical records may not be disclosed without the patient's signed consent. 45 C.F.R. § 164.512; *Hodge v. City of Long Beach*, 2006 WL 1211725, *2 (E.D.N.Y.) (quashing subpoena because it was not accompanied by a HIPAA-compliant authorization signed by plaintiff). Plaintiff's refusal to sign an authorization has impeded timely discovery of her records. The requests are restricted to a reasonable period of time (2002 to present), and Plaintiff has not shown that the requests are overbroad or otherwise objectionable.

In short, Plaintiff must fully respond to the Defendant's discovery requests and must execute medical release forms authorizing the defendant to obtain the requested medical records from 2002 to the present.[2] To the extent Plaintiff has any concerns about providing medical documents, the "Consent Protective Order" entered on November 2, 2009, should adequately protect the confidentiality of these records. (Document No. 22).

With respect to Defendant's request for attorney fees, a court will not award these fees if the objecting party was substantially justified in objecting, or other circumstances make an award of expenses unjust. Fed.R.Civ.P. 37(a)(5)(A). For purposes of this rule, Plaintiff will be deemed "substantially justified" in objecting, given her contention that she has produced all relevant medical

---

[1] In response to Requests No. 16 and 17, Plaintiff produced only a note from her neurologist indicating "please excuse pt. from work 4/1/08 -4/408. She was absent due to her medical condition. She may return to work 4/7/08 without restrictions." (*Id*.).

[2] At deposition on September 14, 2009, Plaintiff acknowledged a history of medical treatment by a neurologist, but refused to provide any medical records of this provider. Defendant indicates it "adjourned Plaintiff's deposition with the understanding that the deposition would resume, if necessary, following this Court's decision on this motion." (Document No. 20, p. 3, ¶ b).

records in her possession. Assuming that Plaintiff makes this assertion in good faith, an award of fees would not be just at this time.

Finally, Defendant requests that it be given until December 31, 2009 to review additional medical records and to redepose Plaintiff about them. The discovery deadline was October 30, 2009, with dispositive motions due by November 30, 2009, and trial set for March 1, 2010. (Document Nos. 12, 16). Given that discovery is being compelled, the Defendants have shown good cause under Rule 16(b)(4) to modify the Scheduling Order. However, in light of the fast approaching trial date in this case, the deadlines will not be extended to the full extent requested.

**IT IS THEREFORE ORDERED** that the "Motion to Compel or Dismiss" (Document No. 20) is **GRANTED** in part and **DENIED** in part, as follows:

> 1) Defendant's request to compel discovery is **GRANTED**; Plaintiff shall fully respond to Requests Nos. 16 and 17; additionally, by November 25, 2009, Plaintiff shall sign and return to Defendant, HIPAA-compliant releases authorizing Defendant to subpoena the Plaintiff's medical records; Failure to comply with this Order may result in sanctions, including dismissal of this case; and
>
> 2) Defendant's request for attorney fees is **DENIED**; and
>
> 3) Defendant's request to modify case deadlines is **GRANTED**; the discovery deadline is extended to December 15, 2009 *solely for the purpose of* reviewing medical records and resuming the deposition of Plaintiff; dispositive motions are due by January 5, 2010; and
>
> 4) a separate notice shall follow regarding the trial date.

**IT IS SO ORDERED**.                Signed: November 20, 2009

_____
David C. Keesler
United States Magistrate Judge